UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE STEELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 4:12-CV-00134 (CEJ) |
| | ) |
| WILLIAM J. DELANO III | ) |
| D/B/A DELANO STATION BREAK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's unopposed motion for summary judgment.

### I.   Background

Plaintiff brings this action asserting a claim of discrimination based on the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). Plaintiff, who is wheelchair-bound, alleges that the defendant's convenience store at 1211 Forum Drive in Rolla, Missouri is not accessible to and usable by individuals with disabilities. Plaintiff seeks an award of damages and injunctive relief.

Defendant asserts that it is entitled to summary judgment because the plaintiff's claim is now moot. In support, defendant submits evidence that it sold the convenience store at issue to Midwest Petroleum Company in April 2012. At the time of the sale, defendant notified Midwest Petroleum of plaintiff's pending lawsuit. Immediately after the sale, Midwest Petroleum closed the property to the public for renovations. According to Midwest Petroleum's owner, the property will be in full compliance with the ADA if it is re-opened to the public.

II. **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

III. **Discussion**

Plaintiff does not contest that the property at issue is no longer within defendant's possession, custody or control. Nor does plaintiff contest that the alleged discrimination ceased after the convenience store was closed to the public. The sole

issue before the Court, given the uncontradicted facts, is whether this controversy became moot during the pendency of this litigation.  The Court agrees with defendant that it did.

"Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution." Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994).  "When a case on appeal no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." Id.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969).  Neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law when (1) "it can be said with assurance that 'there is no reasonable expectation . . . ' that the alleged violation will recur" and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Los Angeles County v. Davis, 440 U.S. 625, 631 (1979).

In her amended complaint, plaintiff does not seek monetary damages apart from attorney's fees and litigation expenses.  In fact she cannot.  42 U.S.C. § 12188(a)(1) provides that the remedies recoverable under the ADA Subchapter III are set forth in section 42 U.S.C. § 2000a-3, titled "Civil Actions for Injunctive Relief."  "It is well established that individual claims for damages based on alleged disability discrimination in violation of Title III of the ADA are precluded, and injunctive relief is the only available remedy." Woods v. Wills, 400 F.supp.2d 1145, 1163 (E.D. Mo. 2005). Because only injunctive relief is available in an ADA Title III action and the property at issue has already been closed to the public, the Court finds the effects of the

discrimination alleged by plaintiff to be completely and irrevocably eradicated. Because the current owner of the property has declares under oath that Midwest Petroleum will ensure compliance with the ADA before the property is reopened it to the public, the Court finds that the discrimination could not be reasonably expected to recur. Therefore, this action is moot.

The discrimination alleged in this case also fails to fall within the "capable-of-repetition-yet-evading-review" exception to the mootness doctrine.  This exception "applies only in exceptional situations, where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again[.]" Spencer v. Kemna, 523 U.S. 1, 17 (1998). "As to the 'evading-review' prong, 'the focus of our analysis . . . is not on the length of time over which the particular action challenged occurred." Clark v. Brewer, 776 F.2d 226, 229 (8th Cir. 1985). "Rather, the proper inquiry is whether the [challenged] activity is by its very nature short in duration, so that it could not, or probably would not, be able to be adjudicated while fully alive." Id.  In the present case, plaintiff has not shown that the duration of the alleged discrimination is "always so short as to evade review." Spencer, 523 U.S. at 18.  Thus, putting aside whether the alleged discrimination is "capable of repetition", plaintiff's claim cannot be saved from mootness by the "capable-of-repetition-yet-evading-review" doctrine.  The Court concludes that defendant is entitled to judgment as a matter of law.

Finally, defendant seeks recovery of litigation expenses.  The attorneys' fees provision of ADA provides: "In any action or administrative proceeding commenced

pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205.  Although not yet addressed by the Eighth Circuit, "each circuit that has addressed the issue has concluded that the considerations that govern fee-shifting under § 706(k) of Title VII or under 42 U.S.C. § 1988 apply to the ADA's fee-shifting provision, because the almost identical language in each indicates Congress' intent to enforce them similarly."  No Barriers, Inc. v. Brinker Chili's Texas, Inc., 262 F.3d 496, 498 (5th Cir. 2001).  See Parker v. Sony Pictures Entainment, Inc., 260 F.3d 100, 111 (2nd Cir. 2001); Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001).  Under this standard, attorneys' fees are not to be awarded to a prevailing defendant under the ADA unless the defendant establishes that the plaintiff's suit was totally unfounded, frivolous, or otherwise unreasonable or that the plaintiff continued the litigation after it clearly became so.  Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 422 (1978).

In this case plaintiff's complaint contained an extensive list of ADA violations that allegedly were present on defendant's property.  The complaint was filed three months before defendant allegedly sold the convenience store to Midwest Petroleum.  Plaintiff did not continue to pursue her case after if became clear that defendant was dispossessed of the property at issue.  On the basis of the present record, it cannot be said that  plaintiff's action was frivolous or totally unfounded.  Therefore, defendant's request for attorneys' fees and costs will be denied.

Accordingly,

- 6 -

**IT IS HEREBY ORDERED** that the motion of defendant for summary judgment [Doc. #21] is **granted**.

**IT IS FURTHER ORDERED** that defendant's request for costs and attorney's fees [Doc. #21] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2012.